IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION, *et al.*, ) <br> ) <br>     Plaintiffs, ) <br> ) <br>     v. ) <br> ) <br> MICHELLE K. LEE, Deputy Under Secretary ) <br> Of Commerce for Intellectual Property and Deputy ) <br> Director of the United States Patent and ) <br> Trademark Office,[1] ) <br> ) <br>     Defendant. ) <br> _____) | Civil Action No. 1:12cv1518 |

## **JOINT MOTION TO REMAND**

For the reasons that follow, the parties hereby jointly move the Court to remand this matter to the United States Patent and Trademark Office ("USPTO") for recalculation of the patent term adjustment to which Plaintiff's patent is entitled.

1. This is an action challenging the amount of patent term adjustment that the USPTO awarded to United States Patent Nos. 8,211,699, 8,224,578, 8,221,607, 8,232,582, 8,247,219, 8,262,900, 8,268,149, 8,268,249, 8,246,806, 8,287,881 under 35 U.S.C. § 154.

2. On March 1, 2013, the Court stayed proceedings in this case pending a final decision on appeal by the United States Court of Appeals for the Federal Circuit in several cases that were expected to be dispositive of legal questions raised in this case and many others like it filed in this Court. *See* Dkt. No. 10.

---

[1] On January 13, 2014, Deputy Director Lee assumed the duties and functions of the Under Secretary of Commerce for Intellectual Property and Director of the USPTO, a position that is currently vacant. Accordingly, Ms. Lee should be substituted for Theresa Stanek Rea. See Fed. R. Civ. P. 25(d).

3. On January 15, 2014, the Federal Circuit issued opinions in *Novartis AG v. Lee*, 740 F.3d 593 (Fed. Cir. 2014), and *Exelixis, Inc. v. Lee,* Nos. 2013-1175, -1198, 2014 WL 128612 (Fed. Cir. 2014). In the lead case, *Novartis,* the Federal Circuit held, in pertinent part, that the USPTO had correctly interpreted 35 U.S.C. § 154(b)(1)(B)(i) to mean that "no adjustment time is available for any time in continued examination, even if the continued examination was initiated more than three calendar years after the application's filing." 740 F.3d at 601. The Federal Circuit held that the USPTO had erred, however, in considering time spent after a notice of allowance issues to be "time consumed by continued examination," 35 U.S.C. § 154(b)(1)(B)(i), and ruled that adjustment time is available for the period between the issuance of the notice of allowance and the issuance of the patent "unless examination on the merits resumes" before the patent issues. 740 F.3d at 602. Accordingly, the Court remanded for redetermination of the proper adjustments to be awarded the patents at issue. *Id.* at 603; *see also Exelixis,* 2014 WL 128612, *1 (vacating and remanding for redetermination of the proper adjustments in accordance with *Novartis*).

4. The parties respectfully submit that a remand to the USPTO is appropriate to allow the agency to recalculate the patent term adjustment to which the patents identified in ¶1, *supra*, are entitled in light of the Federal Circuit's ruling in *Novartis*. *See, e.g., SKF USA Inc. v. United States,* 254 F.3d 1022, 1028-30 (Fed. Cir. 2001) (discussing circumstances where remands are appropriate and explaining that a "remand is generally required" where intervening events, such as a new legal decision, may affect the agency's prior action).

///

///

A proposed Order is provided for the convenience of the Court.

                    Respectfully submitted,

                    DANA J. BOENTE
                    ACTING UNITED STATES ATTORNEY

By:        /s/
                    DENNIS C. BARGHAAN, JR.
                    Assistant United States Attorney
                    Justin W. Williams U. S. Attorney's Building
                    2100 Jamieson Avenue
                    Alexandria, Virginia 22314
                    (703) 299-3891 (telephone)
                    (703) 299-3983 (fax)
                    dennis.barghaan@usdoj.gov
                    *Attorney for the Defendant*

                    /s/
                    ANTIGONE G. PEYTON
                    Cloudigy Law PLLC
                    8300 Greensboro Drive, Suite 1250
                    McLean, Virginia  22102
                    (866) 531-6660 (telephone)
                    (703) 436-2268 (fax)
                    antigone.peyton@cloudigylaw.com
                    *Attorneys for Plaintiffs*

DATED:     March 14, 2014